UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Comerica Bank,

           Plaintiff,        Case No. 19-12793

v.                                  Judith E. Levy
                                  United States District Judge

Mark Schnizlein, *et al*,
                                  Mag. Judge Elizabeth A. Stafford
           Defendant/Claimants.

_____/

**ORDER GRANTING CLAIMANT SCHNIZLEIN'S MOTION TO CHANGE VENUE [11]**

## I. INTRODUCTION

Plaintiff Comerica Bank filed this complaint seeking interpleader relief against four defendant/claimants on September 24, 2019. (ECF No. 1.) On February 7, 2020, Defendant/Claimant Mark Schnizlein filed a motion to transfer this case to the District of Arizona, arguing that the Eastern District of Michigan is the improper venue for this action. (ECF No. 11.) The Court agrees. For the foregoing reasons, Schnizlein's motion is GRANTED.

## II. BACKGROUND

On August 2, 2019, Schnizlein opened an account with Comerica and deposited a check in the amount of $93,245.00. (ECF No. 1, PageID.3-4.) The following day, Comerica agents in Michigan flagged the check as suspicious due to apparent discrepancies in Schnizlein's documentation. (*Id.* at PageID.4.) Comerica is currently holding the funds and seeks to deposit them with the Court so the interplead claimants may determine, amongst themselves, who should receive the check. (*Id.* at PageID.6-7.)

Comerica interplead four potential claimants: Defendant/Claimant Schnizlein, Defendant/Claimant My Angels Gifts LLC, Defendant/Claimant Lawyers Title of Arizona Inc, and Defendant/Claimant U.S. Bank, N.A. (*Id.* at PageID.2-3.) In its complaint, Comerica represented that Schnizlein is a Michigan citizen, that My Angels and Lawyers Title are Arizona citizens, and that U.S. Bank is a citizen of Oregon. (*Id.*)

Though most of the claimants have conceded their citizenship, Schnizlein has vigorously, and repeatedly, contested that he is a Michigan citizen. (*See, e.g.*, ECF No. 11.) In his motion to change venue, Schnizlein argues that he is an Arizona resident and citizen who has resided in the same Arizona home for more than 20 years. (*Id.* at

2

PageID.62.) Though Comerica's representation appears to have been reasonable—Schnizlein apparently provided Comerica with a Michigan address and Michigan driver's license in addition to an Arizona driver's license when he opened his account—Schnizlein argues that he provided Comerica with the older Michigan license merely as a necessary form of secondary identification. (*Id.* at PageID.60.) Schnizlein provided the Court with a copy of both licenses and insists that he is, and intends to remain, an Arizona citizen. (*See id.*)

The Court need not engage in an in-depth citizenship or residency analysis, however, because Comerica conceded the argument to Schnizlein in its response to the motion. (ECF No. 16, PageID.85 ("While there may be some latent controversy over where Mr. Schnizlein resides . . . Comerica does not oppose the motion on the basis that any claimant resides in [Michigan].").) Given Schnizlein's evidence of his Arizona residence and citizenship, and given Comerica's concession, the Court will proceed with Schnizlein's motion with the understanding that Schnizlein is a citizen and resident of Arizona, and not Michigan.

### III.  LAW AND ANALYSIS

On February 7, 2020, Defendant Schnizlein filed a motion to transfer the venue from the Eastern District of Michigan to the District of Arizona. (ECF No. 11.) Defendant Schnizlein argues that the Michigan venue is improper because none of the claimants reside in Michigan. (*Id.* at PageID.54.) Comerica responded that it "does not technically oppose the requested transfer," but then argued that the current venue is nonetheless proper. (ECF No. 16, PageID.84.) Comerica also requested that the Court "permit deposit of the interpleader stake before any transfer, if granted, occurs." (*Id.*)

The Court agrees with Schnizlein that the Eastern District of Michigan is the improper venue for this suit, and that transfer to the District of Arizona is appropriate. Accordingly, for the reasons below, the Court GRANTS Schnizlein's motion to transfer venue to the District of Arizona. The Court declines to permit Comerica to deposit the interpleader stake prior to the transfer and leaves this question of law to the Arizona courts.

1. <u>The Eastern District of Michigan is an improper venue for this suit</u>

Interpleader actions have their own rules of venue. These rules provide that "[a]ny civil action of interpleader or in the nature of

4

interpleader under section 1335 of this title may be brought in the judicial district in which one or more of the claimants reside." 28 U.S.C. § 1397.

Comerica has conceded that no claimant resides in Michigan. (ECF No. 16, PageID.85.) Thus, the interpleader venue statute prohibits Comerica from bringing its claim in the Eastern District of Michigan. 28 U.S.C. § 1397.

However, Comerica argues that the general civil venue statute, 28 U.S.C. § 1391, also applies to this case. The general venue statute is broader than the interpleader venue statute, and it allows cases to be brought in venues where "a substantial part of the events or omissions giving rise to the claim" took place. 28 U.S.C. § 1391(b)(2). Comerica argues that, under this statute, venue is proper because "[t]he Comerica staff persons who identified the potential for multiple conflicting claims to the check proceeds at issue" all reside and work in the Eastern District of Michigan. (ECF No. 16, PageID.84.) Because identifying the suspicious check was "a substantial part of the events or omissions giving rise" to the interpleader action, Comerica argues that the general venue statute supports this venue. (*Id.*, citing 28 U.S.C. § 1391(b)(2).)

5

There are two problems with Comerica's argument. The first is that the general venue statute only applies "except as otherwise provided by law." 28 U.C. 1391(a). The interpleader venue statute is a specific instance where "the law provides otherwise." *See Mudd v. Yarbrough*, 786 F. Supp. 1236, 1244 (E.D. Ken. Apr. 6, 2011). Second, though the Sixth Circuit has yet to determine whether the general venue statute applies as a secondary venue hook to statutory interpleader actions, the Court is persuaded by the argument that the federal interpleader statute must trump the general interpleader statute in such cases. The Eastern District of Kentucky rejected an argument identical to Comerica's and held the following:

> Plaintiffs correctly conclude that the general venue provision must yield to the interpleader venue provision. As one district court explained, the general venue provisions of § 1391(a), which apply to Rule 22 interpleader, are unavailable to the stakeholder proceeding under statutory interpleader. The court explained that the Federal Interpleader Act created a comprehensive scheme, and after accepting the benefits of nationwide service of process under statutory interpleader, the stakeholder may not transform its action to a Rule 22 interpleader so as to validate its state of residence as a proper forum.

*Id.* (internal citations omitted). Similarly, because Comerica brought this case under a statutory interpleader scheme and took advantage of

6

nationwide service of process, the Court will hold Comerica to the reasonable venue limitations of statutory interpleader actions.

Finally, Comerica argues that Schnizlein waived his right to claim improper venue, because he filed an answer before moving to change venue. (ECF No 16, PageID.84 (citing Fed. R. Civ. P. 12(b)(3)).) However, a party only waives the right to claim improper venue if they fail to make a 12(b)(3) motion *and* fail to include the objection in their responsive pleading. Fed. R. Civ. P. 12(h)(1)(B); *United Power Line Contractors, LLC v. OnPower, Inc.*, No. 1:13-cv-178, 2013 WL 5960893, at *3 (W.D. Mich. Nov. 7, 2013) ("[M]ost courts have held that a defendant's assertion of a waivable 12(b) defense . . . in an answer does not preclude a subsequent motion asserting the defense, so long as it is seasonably asserted."). Schnizlein raised improper venue in his first responsive pleading to the Court, filed his formal motion to change venue two days later, and indeed, has raised improper venue again in every one of his five subsequent filings. (*See, e.g.* ECF No. 10, PageID.37 ("There is no reason for an intelligent person to think that the proper venue is in Michigan rather than Arizona.").) The Court therefore finds that Schnizlein seasonably asserted his claim to improper venue and did not waive it.

7

2. <u>18 U.S.C. § 1404(a) permits transfer to the District of Arizona</u>

Having concluded that the Eastern District of Michigan is the improper venue for this action, the Court must determine whether it may transfer the action to the requested District of Arizona. For the foregoing reasons, the Court finds that it may appropriately transfer this case.

When a court determines that its district is the improper venue for a suit, it must either dismiss the suit or, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Comerica could have brought its case in the District of Arizona under three jurisdictional conditions: 1) if the District of Arizona could exercise original jurisdiction over the case; 2) if the District of Arizona could exercise personal jurisdiction over the defendants; and 3) if the District of Arizona would have been the proper venue for the case. *See Zimmer Enterprises, Inc. v. Atlandia Imports, Inc.*, 478 F. Supp. 2d 938, 989-90 (S.D. Ohio 2007).

All three of these conditions are met. The District of Arizona, like all federal courts, may exercise original subject-matter jurisdiction over this federal statutory interpleader case. 28 U.S.C. § 1335(a). The District of Arizona may also exercise personal jurisdiction over the claimants,

8

because statutory interpleader provides for nationwide service of process. 28 U.S.C. § 2361. Finally, the District of Arizona would constitute proper venue for this action, because at least one of the claimants resides in Arizona. 28 U.S.C. § 1397.

The Court must now determine whether "the interest of justice" favors this transfer. 28 U.S.C. §1406(a). Because this transfer is one of necessity and not convenience, *cf.* 28 U.S.C. § 1404(a), the 1406(a) inquiry is limited and focuses primarily on whether "the relevant activities and contacts appear predominately" in the transferee district. *See Flynn v. Greg Anthony Construction Co., Inc.*, 95 Fed. Appx. 726, 741 (6th Cir. 2003).

Transfer is appropriate here. All of the claimants, save U.S. Bank, reside in Arizona. (*See* ECF No. 1.) The funds at issue were allegedly derived from the sale of an Arizona resident's property in Arizona. (ECF No. 11.) From a practical standpoint, the only party whom this transfer significantly inconveniences is Comerica, and Comerica itself does not "technically oppose the requested transfer." (ECF No. 16, PageID.84.) Though Comerica's Michigan employees would be inconvenienced if they were called to testify for any reason related to discovering and processing

the problematic funds, this cannot be helped. Michigan is an improper venue for this action, and the only acceptable venues are either Arizona or Oregon, where the claimants reside. *See* 28 U.S.C. § 1397. The Michigan employees would, unfortunately, be inconvenienced in any case.

Accordingly, because the relevant activities and contacts appear predominately in the District of Arizona, and because the most inconvenienced parties will be unfortunately inconvenienced regardless of the transferee district, the interest of justice overwhelmingly favors transfer of this case to the District of Arizona.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Schnizlein's motion to transfer this case to the District of Arizona.

IT IS SO ORDERED.

Dated: April 27, 2020          s/Judith E. Levy
Ann Arbor, Michigan         JUDITH E. LEVY
        United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 27, 2020.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
